UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
)
)
v. )     Case No. 1:06-CR-140
)
KELVIN LLOYD )     COLLIER/CARTER

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on May 29, 2007.

At the hearing, defendant entered a plea of guilty to Count One of the Indictment, to the extent it

charges a conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and

(b)(1)(B), in exchange for the undertakings made by the government in the written plea

agreement.  On the basis of the record made at the hearing, I find that the defendant is fully

capable and competent to enter an informed plea; that the plea is made knowingly and with full

understanding of each of the rights waived by defendant; that it is made voluntarily and free from

any force, threats, or promises, apart from the promises in the plea agreement; that the defendant

understands the nature of the charge and penalties provided by law; and that the plea has a

sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count One of the Indictment, to

the extent it charges a conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846,

841(a)(1) and (b)(1)(B), be accepted, that the Court adjudicate defendant guilty of those charges

as set forth in Count One of the Indictment, and that the written plea agreement be accepted at

the time of sentencing.  I further recommend that defendant remain on bond sentencing in this

matter.[1]  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, and

imposition of sentence are specifically reserved for the district judge.

The defendant's sentencing date is scheduled for **Thursday, September 6, 2007, at 9:00**

**a.m.**

Dated: May 29, 2007                                    s/William B. Mitchell Carter
                                                                    UNITED STATES MAGISTRATE JUDGE


NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge.  Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing.  Failure to file objections  within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter.  *See* 28 U.S.C. §636(b).

---

[1]I find exceptional reasons pursuant to Title 18 U.S.C. § 3145(c) to allow defendant to remain on the same conditions of bond. First, defendant has had no problems while on release and is therefore neither a risk of flight or danger to the community. Second, defendant's wife is having a difficult pregnancy and continues to have some difficulties. Third, defendant is on disability because of a previous back surgery and has x-rays scheduled with Veteran's Administration doctors in preparation for anticipated back surgery.